State vs. Johnson.

---

## No. 9419.

### THE STATE OF LOUISIANA vs. THOMAS JOHNSON.

The common law form for the oath administered to a jury in criminal cases was legislated into the State by the Act of 1805, and may, without error, be adhered to until changed by legislative direction.

The Article 168 of the present Constitution only gives constitutional sanction to what was substantially the law of this State prior thereto, and affords no reason, not previously existing, for changing the form of the oath.

State vs. Johnson.

APPEAL from the Fifth District Court, Parish of Caddo. *Hicks*, J.

*M. J. Cunningham*, Attorney General, for the State, Appellee.

*S. P. Watts* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J.    The defendant excepted to the form of the oath administered to the jury, which was the common law form to give a true verdict "according to the evidence." The defendant asked that the form should be "according to *the law* and the evidence."

The oath administered was that used at common law, and was imported into this State by virtue of the Act of 1805, which provided that "the forms of indictment, the method of trial, the rules of evidence, and all other proceedings whatsoever in the prosecution of the crimes, offenses and misdemeanors, changing what ought to be changed, shall be according to the common law, unless otherwise provided."

Since this act, we are not advised that any other form of oath has ever been employed in criminal trials in this State, and as it rests on the above legislative sanction, we see not why it should be changed without legislative direction.

Such direction cannot be implied from Art. 168 of the present Constitution, which provides that "the jury in all criminal cases shall be judges of the law and of the facts on the question of guilt or innocence, having been charged as to the law applicable to the case by the presiding judge."

This article enunciates no new principle of law, but merely gives constitutional sanction to what has always been the law of Louisiana. In a case decided in 1856, this Court said: "In determining the guilt or innocence of the party indicted, the jury are the judges of the law as well as of the facts; but not in exactly the same sense.   Under our statute they are exclusive judges of the facts; they are, subordinately, judges of the law, because the statute proceeds upon the assumption that they are not familiarly conversant with it, and therefore requires the presiding judge to 'give them a knowledge of the law applicable to the case.'   They have power to decide against the judge's opinion of the law," etc.   State vs. Ballerio, 11 Ann. 206;   State vs. Scott, Id. 429.

The Constitution, therefore, furnishes no reason for departing from the common law form of oath which has always, heretofore, been fol-

lowed; and until the Legislature sees fit to change it, there is no error in adhering to it.

Judgment affirmed.